FILED

2014 Mar-07  PM 03:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **CHRISTINA JONES,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.:** _____ |
| ) | |
| **FMS INVESTMENT CORP. d/b/a** ) | |
| **FINANCIAL MANAGEMENT** ) | |
| **SYSTEMS,** ) | |
| **U.S. DEPARTMENT OF EDUCATION,** ) | |
| **OF EDUCATION,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendants states as follows:

### PARTIES

1.      Plaintiff Christina Jones is a resident of Jefferson County, Alabama, over 19 years of age, and is competent to bring this action.

2.      Defendant FMS Investment Corp. d/b/a Financial Management Systems (hereinafter "FMS") is a Maryland corporation with its principal place of business located in Rolling Wood, Illinois and was doing business in the Northern District of Alabama at all times material to this Complaint.

3.      Defendant U.S. Department of Education ("DOE") is a federal student loan guarantor of the United States with its principal place of business in Washington, D.C. and was doing business in the Norther District of Alabama at all times material to this Complaint.

4.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331.

## FACTUAL ALLEGATIONS

5.     Plaintiff Christina Jones was fraudulently induced by a now defunct for profit business school in Birmingham, Alabama named RETS to sign an agreement to attend school at RETS in 1985.

6.     At the time Plaintiff signed the agreement that would allow her to enter the school, 1) it was not explained to her and she did not know she was actually signing a promissory note in the amount of $2500 and 2) she was only seventeen (17) years old at the time she was fraudulently induced to sign the promissory note.

7.     Plaintiff only attended RETS for a very short period of time due to the rough nature of the school. Just a few weeks into the quarter after she began attending classes at RETS there was a bomb threat and a shooting.  Plaintiff was there on the day of the shooting and decided she would not go back and requested a refund from RETS administration but none was forthcoming.

8.     Following the shooting, Plaintiff, a 17 year old girl at the time, did not return to the school out of fear for her life; however, RETS administration refused to refund any of her tuition.

9.     Plaintiff did not hear anything about the matter after these incidents in 1985 until the year 2001 when an income tax refund in the amount of $1207.00 was intercepted by the DOE and the reason given was an old debt to the government.

10.     Plaintiff has contacted Defendant DOE several times regarding the matter and has completed all the documents she was instructed to alleviate her of this fraudulent debt for which she did not even have the capacity to contract to enter into.  Plaintiff even completed and sent in a Loan Discharge Application: Unpaid Refund as instructed by Defendant DOE.

11.     Instead of correcting the obvious issue the account was fraudulently obtained and

Plaintiff did not even have the capacity to enter into the purported agreement when it was supposedly signed by her, Defendant DOE has compounded the situation by intercepting Plaintiff's tax refunds, threatening to enter into administrative wage garnishment, and referring her account to debt collectors like Defendant FMS.

12.     Defendant DOE has failed and refused to correct its obvious failures in this matter.

13.     In or around August, 2013, Defendant FMS began calling Plaintiff's cellular telephone number using an automatic dialing system and/or predictive dialers and/or using prerecorded artificial voices to attempt to collect this debt that Plaintiff does not owe and on her cellular telephone number for which FMS did obtain prior express permission prior to calling.

14.     Since Defendant FMS began calling Plaintiff, it has called her both at work and on her cellular telephone without first obtaining prior express permission to call her cellular telephone.

15.     Plaintiff has told Defendant FMS on several occasions not to call her at work, particularly since she cannot take personal calls at work, in addition to stop calling her cellular telephone she never gave express permission to call, but Defendant FMS has persisted in doing so even after being instructed by Plaintiff not to do so.

16.     Defendant FMS has sent Plaintiff collection letters claiming a "principal balance due" in the amount of $3,701.44, which is incorrect and an impossibility when the original "principal balance" of the promissory note Plaintiff was fraudulently induced to sign was only $2500.00 and was the only promissory Plaintiff ever signed in the brief weeks she attended school at RETS.

17.     Defendant FMS illegally used an autodialer to call both Plaintiff's cell phone

without obtaining prior express consent to do so in violation of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227, et seq. ("TCPA[1]").

18.     Further, Defendant FMS continued to use an autodialer to call both Plaintiffs' cell phones after each Plaintiff expressly revoked any permission FMS may have thought it had been given to do so.

19.     Defendant FMS illegally used a predictive dialer to call both Plaintiffs' wireless numbers without permission to do so in violation of the TCPA.

20.     Further, Defendant FMS continued to use a predictive dialer to call Plaintiff's wireless numbers after Plaintiff expressly revoked any permission FMS may have thought it had been given to do so.

21.     Defendant FMS illegally used pre-recorded calls to call both Plaintiff's wireless number without permission to do so in violation of the TCPA.

22.     Further, Defendant FMS continued to use pre-recorded calls to call Plaintiff's cell phone after Plaintiff expressly revoked any permission FMS may have thought it had been given to do so.

23.     The volume and type of calls are harassing as the intent and motive behind them are to harass Plaintiff.

24.     Plaintiff verbally instructed Defendant FMS to cease and desist making calls to her cellular telephone number explaining to Defendant it did not have her permission to call her cellular telephone.

25.     Defendant FMS continued to use an autodialer and/or predictive dialers to make

---

[1] Any reference to the FDCPA or the TCPA includes all applicable subsections whether explicitly stated or not.

repeated telephone calls to each Plaintiff's cellular telephone and failed and refused to cease the calls even after having been instructed by Plaintiff to do so.

26.     All telephone contact by FMS with Plaintiffs her cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

27.     The telephone calls placed by FMS to Plaintiffs' cellular telephones via the automatic
telephone dialing system used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

28.     The telephone number that FMS used to contact Plaintiffs, with a "prerecorded voice" made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

29.     The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

30.     Plaintiff did not give her prior express consent to Defendant FMS to call each her cellular telephone, and further, repeatedly instructed Defendant not to call her on her cellular telephone utilizing an "artificial or prerecorded voice" or calls placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

31.     FMS did not make telephone calls to either Plaintiff's cellular phone "for emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

32.     FMS' telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency

purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. §227(b)(1)(A).

33.    Defendant FMS illegally used a predictive dialer to call Plaintiff'' cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA). Defendant FMS illegally used pre-recorded calls to call Plaintiff's cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA).

34.    Plaintiff did not provide Defendant FMS express consent to call her cell phone with an autodialer or with a predictive dialer.

35.    Plaintiff never gave Defendant FMS permission to call his or her cell phone with pre-ecorded calls.

36.    The volume and type of calls are harassing as the intent and motive behind them is to harass Plaintiff.

37.    The above-detailed conduct by Defendant FMS of harassing the Plaintiff was also an invasion of her privacy by an intrusion upon seclusion and resulted in actual damages to each Plaintiff.

38.    This series of abusive collection calls by Defendant FMS by and through its employees, agents, and/or representatives caused Plaintiff stress and anguish as a result of these abusive calls.

39.    Defendant FMS' repeated attempts to collect this alleged debt from Plaintiff, and its refusal to stop violating the law, was an invasion of Plaintiff's privacy and her right to be left alone.

40.    Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant FMS in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

41.     Defendant FMS was attempting to collect this debt from Plaintiff when it knew or should have known by information provided to it through various sources, including Plaintiff, it did not have prior express authorization to contact Plaintiff via a wireless number.

42.     Plaintiff is a "consumer" for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(3).

43.     Defendant FMS is a "debt collector"  for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(6).

44.     Defendant FMS engaged in "communications" with each Plaintiff for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(2).

45.     Defendant FMS engaged in communications with Plaintiff for the purpose of collecting a "debt" as defined in the FDCPA at 15 U.S.C. §1692a(5).

46.     Defendant FMS has called Plaintiff's cellular phone numerous times and left voice mails on  Plaintiff's telephone in which Defendant FMS failed to identify itself it as a debt collector and/or failed to identify itself at all in violation of the FDCPA.

47.     Defendant FMS has called Plaintiff's wireless number numerous times in an attempt to harass Plaintiff into paying an alleged debt in violation of both the FDCPA and Telephone Consumer Protection Act.  These calls occurred even after Plaintiff informed Defendant it was not to call.

48.     Defendant FMS was employed and retained by Defendant DOE to perform the debt collection activities it performed stated herein and FMS' actions in this matter were performed as an agent of Defendant DOE.

49.     The numerous calls and the timing of the calls to Plaintiff are violations of the Fair

Debt Collection Practices Act.  Further, the volume and type of calls are harassing as the intent and motive behind them is to harass Plaintiff into paying Defendants FMS and DOE for a debt she does not owe.

50.     The above-detailed conduct by Defendant FMS of harassing Plaintiff in an effort to collect this purported debt was also an invasion of her privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiff.

51.     This series of abusive collection calls by Defendant FMS and its agents caused Plaintiff stress and anguish as a result of these abusive calls.

52.     The repeated attempts to collect this debt from Plaintiff by Defendants FMS and DOE and their refusal to stop violating the law was an invasion Plaintiff's privacy and her right to be left alone.

53.     Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendants FMS and DOE in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA") 47 U.S.C. § 227, et seq.

54.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

55.     Defendant FMS has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers and/or predictive dialers that have been unleashed against Plaintiff by Defendant, including but not limited to, the calls to Plaintiffs at all hours of the day and night, including calls to Plaintiff's wireless number.

56.     Defendant FMS has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal pre-recorded messages that have been unleashed against Plaintiff by Defendant, including but not limited to, the calls to Plaintiff's cell phone for which FMS had no authorization to call.

57.     There is no exception or justification for the numerous violations of the TCPA by Defendant FMS.

58.     Each call is a separate violation and entitles Plaintiff to statutory damages against Defendant FMS in the amount of at least $500.00 per call, and Plaintiffs request that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call, in accordance with 47 U.S.C. § 227(b)(3).

59.     All actions taken by Defendant FMS were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.

60.     All of the violations of the TCPA proximately caused the injuries and damages set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant FMS for statutory, actual, compensatory, and/or punitive damages an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief against Defendant FMS.

**COUNT II**
**NEGLIGENT, RECKLESS, WANTON, MALICIOUS**
**AND/OR INTENTIONAL CONDUCT**

61.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

62.     Defendants FMS and DOE owed a duty to Plaintiff not to place telephone calls to the cellular telephone of Plaintiff  in violation of state and/or federal law, not to continually harass her with regard to this debt in violation of state and/or federal law, not to attempt to collect on an alleged debt in an illegal and unreasonable manner as stated throughout the allegations in this Complaint, and not to attempt to collect a debt from her that she did not owe Defendants.

63.     Defendant DOE had a duty to properly credit Plaintiff's account and to not have Defendant FMS collect upon an alleged debt that Plaintiff did not and does not owe.

64.     Defendants FMS and DOE had a duty under Alabama law to act reasonably under the circumstances.

65.     Defendant FMS violated this duty under Alabama law by failing to cease collecting upon an illegal and improper debt and contacting Plaintiff on her cellular telephone in violation of state and/or federal law and/or by attempting to collect on an alleged debt in an illegal and unreasonable manner as stated throughout the allegations in this Complaint as well as attempting to collect a debt from Plaintiff she did not and could not owe.

66.     Defendants FMS and DOE each violated its respective duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as all Defendants refused to comply with all the duties that each Defendant had.

67.     Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant FMS and/or DOE, jointly and severally, for actual, compensatory, and/or punitive damages in an amount to be determined by the

trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding.   Further, Plaintiff prays for further and other just and equitable relief against Defendant FMS and DOE.

**COUNT III**
**NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION**
**OF EMPLOYEES AND/OR AGENTS**

68.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

69.     Defendants FMS and DOE negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent personnel, who were allowed or encouraged to violate the law as was done to Plaintiffs and stated herein, and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.  The Defendants' employees, agents, and/or representatives committed the violations of state and/or federal law as set forth in this Complaint.

70.     Defendants FMS and DOE were negligent or wanton in the hiring, training, and/or supervision of their employees and/or agents.

71.     The employees and/or agents of Defendants FMS and DOE, while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency were incompetent to perform his/her duties and all Defendants did know, or should have known, of such incompetence.

72.     The negligent or wanton conduct of those employees and/or agents of Defendants FMS and DOE while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency lead to and/or proximately caused Plaintiff to suffer damages as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant FMS and/or DOE, jointly and severally, for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding.   Further, Plaintiff prays for further and other just and equitable relief against Defendants FMS and DOE.

**COUNT IV**
**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

73.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

74.     Alabama law recognizes Plaintiffs' right to be free from invasions of privacy and Defendant FMS violated Alabama law as described in this Complaint, including, but not limited to, making numerous telephone calls to Plaintiff's cellular telephone without express permission, using automated and/or predictive dialers, and/or leaving pre-recorded messages in an attempt to harass, annoy, and/or oppress Plaintiffs in violation of state and/or federal law.

75.     Defendant FMS intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, including, but not limited to, making numerous  telephone calls to Plaintiff's cellular telephone numbers using automated and/or predictive dialers leaving pre-recorded messages in an attempt to harass, annoy, and/or oppress Plaintiff in violation of state and/or federal law and by repeatedly and unlawfully attempting to collect a debt and thereby invading Plaintiffs' privacy.

76.     Defendant FMS intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting upon an alleged debt and by repeatedly and unlawfully attempting to collect a debt Plaintiff does not owe and in the

course thereof, thereby invaded Plaintiff's privacy by invading and intruding upon Plaintiff's right to privacy.

77.     Plaintif had a reasonable expectation of privacy in her solitude, seclusion, private concerns or affairs, and private financial information.

78.     The conduct of Defendant FMS in engaging in the above-described illegal conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

79.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to compensatory and/or punitive damages from Defendant FMS.

80.     All the above acts and omissions of Defendant FMS by and through its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant FMS for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief against Defendant FMS.

### COUNT V
### VIOLATIONS OF THE FAIR DEBT COLLECTION
### PRACTICES ACT 15 U.S.C. §1692 et seq.

81.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

82.     Defendants FMS and DOE, by and through their agents and/or employees,

while acting in the line and scope of their employment and/or agency with Defendant, dialed Plaintiff's cellular telephone number and left a message on her voice mail without making a meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6).

83.     Defendants FMS and DOE, by and through their agents and/or employees, while acting in the line and scope of their employment and/or agency with Defendants, dialed Plaintiff's cellular telephone number and left a message on her voice mail without disclosing the communication was from a debt collector in violation of 15 U.S.C. §1692e(11).

84.     Debt collectors are prohibited by 15 U.S.C. §1692d(5) from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

85.     Defendants FMS and DOE made numerous and repeated phone calls to the wireless number of Plaintiff repeatedly and continuously with the intent to annoy, abuse, or harass Plaintiff in violation of 15 U.S.C. §1692d(5).

86.     Defendant FMS, as agent of Defendant DOE, made telephone calls, left voice mails,  and sent letters to Plaintiff which contained false, deceptive, and misleading representations in an attempt to collect a purported debt from Plaintiff in violation of 15 U.S.C. §1692e.

87.     The phone calls, voice mails, and letters Defendants FMS and DOE made to and/or sent Plaintiff contained false, deceptive, and misleading representations with respect to the character, amount, or legal status of an alleged debt of Plaintiff in violation of 15 U.S.C. §1692e(2).

88.     The phone calls, voice mails, and letters Defendants FMS and DOE made to and/or sent Plaintiff threatened to take actions that could not legally be taken, including, but not limited to garnishing Plaintiffs' wages for an alleged debt that Plaintiff does not owe, in violation of 15 U.S.C. §1692e(5).

89.     Defendants FMS and DOE communicated false credit information with respect to the alleged debt of Plaintiff in violation of 15 U.S.C. §§1692e(8).

90.     Defendants FMS and DOEs' actions in this matter as detailed throughout this Complaint constitute unfair collection practices with regard to an alleged debt of Plaintiff in violation of 15 U.S.C. §1692f.

91.     Further, the natural consequence of the conduct of Defendants FMS and DOE in this matter as detailed throughout this Complaint is to harass, oppress, and abuse Plaintiffs in violation of 15 U.S.C. §1692d.

92.     All actions taken by Defendants FMS and DOE were done willfully, with malice, and were done with either the desire to abuse, annoy, harass, and oppress Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FDCPA and/or that they knew or should have known that their actions were in reckless disregard of the FDCPA.

93.     Defendants FMS and DOEs' violations of the FDCPA proximately caused the injuries and damages to Plaintiff as set forth in this Complaint, including actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

WHEREFORE, Plaintiff demands judgment against Defendant FMS and/or DOE, jointly and severally, for statutory, actual, compensatory and/or punitive damages in an amount to be determined by the trier of fact, plus attorney's fees, interest from the date of injury, and the costs and expenses of this proceeding.  Further, Plaintiff prays for further and other just and equitable relief against Defendants FMS and DOE.

## COUNT VI
## DECLARATORY JUDGMENT

94.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

95.     Plaintiff requests this Honorable Court enter a declaratory judgment in her favor finding the debt Defendants FMS and DOE are attempting to claim is not a valid debt due to Plaintiff's incapacity to enter into an agreement at the time the purported promissory note upon which Defendants are attempting to collect was signed since she was only seventeen (17) years old at the time she was fraudulently induced into signing the promissory agreement at the now defunct RETS school.

96.     Plaintiff merely thought she was signing up to attend school at RETS and was fraudulently induced to sign an agreement, which she did not know or understand was a promissory agreement to pay money when the agreement was signed.

97.     In addition, at the time she was fraudulently induced to sign the agreement, she was an infant and did not have the capacity to contract at the age of seventeen (17).

98.     Plaintiff was not contracting for any essential needs but rather to attend a trade school based on false promises of obtaining skills to work in a business environment.

99.     Defendants DOE and FMS are actively attempting to collect upon this invalid debt, including sending threatening letters to Plaintiff, calling Plaintiff or her cellular telephone and at her place of employment and are threatening administrative wage garnishment for this invalid debt. Further, Defendant DOE has already intercepted Plaintiff's tax returns once for $1207.00 and has threatened to intercept any tax refund she may receive on her taxes.\

100.    Plaintiff has suffered injuries from the actions of Defendants and is continuing to

suffer injury at their hands over this invalid debt.

101.    There is a clear causal connection between Defendant's actions complained of in this matter and Plaintiff's injuries.

102.    A favorable decision for Plaintiff in the declaratory judgment would stop Defendants from continuing to harass her over an invalid and improper debt from this point forward.

WHEREFORE, Plaintiff demands judgment against Defendant FMS and/or DOE, jointly and severally, for equitable relief, including, but not limited to, declaring the subject debt invalid, null and void; directing Defendants FMS and DOE to cease and desist attempting to collect upon the subject debt, directing Defendant DOE to cease and desist any attempts at administrative wage garnishment, directing Defendant DOE to cease and desist any attempts at intercepting any tax refunds of Plaintiff, and returning all funds Defendants obtained from Plaintiff through any means, including tax refund intercepts, administrative wage garnishment, and/or any other means, plus attorney's fees, interest from the date of injury, and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief against Defendants FMS and DOE.

<u>COUNT VIII</u>
**<u>CLASS CLAIMS AGAINST DEFENDANT FMS FOR VIOLATIONS OF THE</u>**
**<u>TELEPHONE CONSUMER PROTECTION ACT</u>**
**47 U.S.C. § 227 et seq.**
**Class Action Allegations**

103.    All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

104.    Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of all other persons or entities similarly situated throughout the United States.

105.    Upon information and belief, pursuant to a uniform policy and procedure, FMS and/or its authorized agents, performed skip trace searches to find telephone numbers, including cellular telephone numbers for which it did not obtain prior express permission to call before calling, and then engaged in widespread calling of cellular telephones without express permission to do so in violation of the TCPA.

106.    Upon information and belief, FMS and/or its authorized agents, has made thousands of calls to the cellular telephones of hundreds, or possibly thousands of individuals and entities throughout the United States via auto-dialer without first obtaining prior express consent and/or by using artificial prerecorded voices.

107.    The classes of persons Plaintiff proposes to represent include:

All persons or entities within the United States who, within the four years prior to the filing of the Complaint, received telephone calls to their cellular telephone without FMS first obtaining prior express consent to call  using an automatic telephone dialing system.

108.    The class as defined above is identifiable by phone records and phone number databases.  On information and belief, the potential class members number in the hundreds, and possibly thousands, and constitute a class so numerous that joinder of all class members is impracticable.

109.    Plaintiff is a member of the class.

110.    There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

a.      Whether Defendant violated the TCPA by engaging in collection calls via auto-dialer without first obtaining prior express consent;

b.      Whether the Defendant obtained prior express consent from consumers before

making calls to consumer's cell phones;

        c.    Whether the Plaintiff and the members of the class are entitled to statutory damages as a result of Defendant FMS's actions.

111.    Plaintiff's claims are typical of the claims of the class.

112.    Plaintiff is an adequate representative of the classes because her interests do not conflict with the interests of the class, and she will fairly and adequately protect the interests of the class.

113.    Common questions of law and fact predominate over questions affecting only individual members of the class and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

114.    The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

115.    Plaintiff is capable of and is willing to represent the other members of the class.

**Legal Claims**

*First Class Claim - Calls to Cellular Telephones Without Obtaining Prior Express Consent*

116.    Plaintiff refers to and incorporates all previous paragraphs as though fully set forth herein.

117.    The TCPA prohibits the making of any call—without prior express consent of the called party—by using any automatic telephone dialing system to a cellular telephone.

118.    Defendant FMS violated the TCPA by making calls to collect a debt, albeit a debt Plaintiff does not owe, to Plaintiff's cell phone via auto-dialer.

119.    Defendant engaged in skip tracing to obtain Plaintiff's cellular telephone number.

120.     Defendant failed to obtain prior express consent before calling Plaintiff's cellular telephone number via auto-dialer in violation of the TCPA.

121.     Defendants have, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

122.     As a result of Defendant FMS's illegal conduct as alleged herein, the members of the class suffered actual damages and, under §227(b)(3)(B), are each entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

*Second Class Claim - Calls to Cellular Telephones Utilizing an Artificial or Prerecorded Voice*

123.     Plaintiff refers to and incorporates all previous paragraphs as though fully set forth herein.

124.     The TCPA prohibits the making of any call - using an artificial or prerecorded voice - to any telephone number assigned to a cellular telephone service.

125.     Defendant FMS violated the TCPA by making calls to collect a debt to Plaintiff's cell phone via auto-dialer and leaving messages using an artificial or prerecorded voice.

126.     Defendant failed to obtain prior express consent before calling Plaintiff's cellular telephone number via auto-dialer and leaving messages using an artificial or prerecorded voice in violation of the TCPA

127.     Defendants have, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

128.     As a result of Defendant FMS's illegal conduct as alleged herein, the members of the class suffered actual damages and, under §227(b)(3)(B), are each entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

*Third Class Claim: Injunctive Relief*

129.     Plaintiff refers to and incorporates all previous paragraphs as though fully set forth herein.

130.     Defendants, their authorized agents, vendors, or contractors have possession, custody and control of the business records, databases, computer systems and other information and equipment necessary to identify the members of the class, including but not limited to the names, addresses and cellular telephone numbers of the class members. Unless immediate injunctive relief is ordered, Defendants their authorized agents, vendors, or contractors may alter, erase, delete, destroy or otherwise dispose of and remove such systems, records and equipment. For this reason, Plaintiff is entitled to an order prohibiting and enjoining Defendants their authorized agents, vendors, or contractors from altering, deleting, destroying or otherwise disposing of any documents, records, databases or computer systems that are necessary to identify the members of the class.

131.     The TCPA expressly authorizes injunctive relief to prevent further violations of the TCPA.

132.     The Plaintiff, acting on behalf of the Class, respectfully petitions this Court to order Defendant FMS, including, but not limited to its employees, agents or other affiliates, to immediately cease calling cellular telephones without first obtaining prior express consent to call cellular telephones in violation of the TCPA.

## Relief Sought

133.     Plaintiff, on behalf of herself and the Class, prays for the following relief:

1.     An order certifying the Class as defined above;

2.     An injunction requiring Defendants to cease all cellular telephone calls without prior express consent and restraining Defendants from altering, erasing, changing, deleting, destroying or otherwise removing or disposing of any documents, records, databases, computer systems and the like currently in its possession or control or in the possession or control of its agents

and contractors which are used or useful in identifying all persons to whom Defendant has made calls to a cellular telephone without prior express consent;

3.   An order preliminarily and permanently enjoining Defendants from engaging in the practices challenged herein;

4.   A minimum of $500.00 in damages for each violation of the TCPA;

5.   Reasonable attorneys' fees and costs; and

6.   Such further and other relief the Court deems appropriate.


                                        s/Wesley L. Phillips
                                        Wesley L. Phillips
                                        Attorney for Plaintiffs


OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 362001
Birmingham, Alabama 35236
Telephone: (205) 383-3585
Facsimile:  (800) 536-0385
wlp@wphillipslaw.com


Plaintiffs Address:
2330 Grayson Valley Circle
Birmingham, Alabama 35235


## JURY DEMAND

Plaintiff demands a trial by struck jury.


                                        s/Wesley L. Phillips
                                        OF COUNSEL

**PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:**

U.S. Department of Education
c/o Education Department
Office of General Counsel
400 Maryland Avenue SW, Room 6E353
Washington, D.C. 20202

U.S. Department of Education
50 Beale Street, Suite 8629
San Francisco, CA 94105

U.S. Attorney's Office
1801 4th Avenue North
Birmingham, AL 35203

FMS Investment Corp.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104