IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTINA JONES,            )<br>                             )<br>                             )<br>     Plaintiff,             )<br>                             )<br>v.                           )<br>                             )<br>FMS INVESTMENT CORP. d/b/a   )<br>FINANCIAL MANAGEMENT         )<br>SYSTEMS, et al.,             )<br>                             )<br>     Defendants.             ) | Civil Action No.: 2:14-cv-0399-SGC<br>**CLASS ACTION** |

PLAINTIFF'S MOTION TO COMPEL COMPLETE AND NON-EVASIVE
DISCOVERY RESPONSES FROM DEFENDANT

COMES NOW Plaintiff Christina Jones and hereby moves this Honorable Court to compel Defendant FMS Investment Corp ("FMS") to properly and completely respond to Plaintiff's discovery requests listed herein in a complete and non-evasive manner, and as grounds therefore, states and shows the Court the following:

1.      Defendant FMS was properly served with Plaintiff's discovery requests on or about August 22, 2014[1].

---

[1] *See* Exhibit A, Plaintiff's First Discovery Requests to Defendant 21st Mortgage

2. On or about October 1, 2014, Defendant FMS sent responses to Plaintiff's discovery requests, however, Defendant's responses were deficient in several respects[2].

3. On October 23, 2014, Plaintiff sent conferring correspondence to Defendant FMS outlining numerous deficiencies in its discovery responses to Plaintiff[3].

4. On November 10, 2014, Defendant FMS replied with an email stating, "Please find attached documents that are being contemporaneously being mailed to you, along with a disc containing recordings. Certain other documents will need to be produced pursuant to a protective order, and I expect to provide a draft copy of same to you for immediate submission to the court. Formal revisions to the written discovery responses will be forthcoming[4]."

5. However, to date, Defendant FMS has never produced any "disc containing recordings," a proposed protective order, or any "revisions to the written discovery responses."

---

[2] *See generally* Exhibit B, Defendant FMS's Responses to Plaintiff's First Interrogatories, Request for Production, and Request for Admissions.

[3] *See* Exhibit C, Correspondence to Defendant's Counsel, dated October 23, 2014.

[4] *See* Exhibit D, Email correspondence dated November 10, 2014 from counsel for Defendant FMS to counsel for Plaintiff.

6.     Further, on November 25, 2014, counsel for Plaintiff sent an email to counsel for Defendant FMS again requesting the discovery promised weeks earlier, yet, Defendant FMS has completely failed to respond[5].

7.     Defendant FMS' discovery responses are clearly deficient in several aspects and even violate the Federal Rules of Civil Procedure.

8.     Before FMS responds to any of Plaintiff's discovery requests, it has a list of "General Statements and Objections," which not allowed by the Rules of Civil Procedure.  "[G]eneral objections to interrogatories and requests for production of documents are prohibited." *Fisher v. Baltimore Life Ins. Co.*, 235 F.R.D. 617, 624 (N.D. West Va. 2006); *Convertino v. U.S. Dept. of Justice*, 565 F.Supp.2d 10, 12 (D.C. 2008); *see also* Fed. R. Civ P. 33(b)(4) and 34(b).

9.     Thereafter, the vast majority of FMS' responses to Plaintiff's discovery requests are incomplete and evasive on their face clearly violating the Federal Rules of Civil Procedure.

10.    Each one of FMS' responses to Interrogatories numbered 1, 4, 5, 6, 8,

---

[5]*See* Exhibit E, Email correspondence from counsel for Plaintiff to counsel for Defendant on November 25, 2014.

9, 10, 12, 14, 15, 16, 19, and 20 are incomplete and evasive and nothing more than a dilatory tactic to stonewall Plaintiff's discovery in this matter, particularly given the class allegations in this case[6].

11.     Further, the same applies to FMS' responses to Plaintiff's Request for Production of Documents numbered 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, and 28[7].

12.     FMS is attempting to stonewall Plaintiff in discovery in order to gain an unfair and prejudicial advantage to prevent her from obtaining the information she needs to file her class certification.

13.     In response to Interrogatory No. 1, FMS said nothing other than it is "still investigating its response," yet, to date, has provided nothing in addition to its original evasive and non-responsive answer.

14.     In its response to Interrogatory No. 4, FMS merely makes a self-serving statement that is non-responsive and evasive of the information requested. FMS makes a general statement regarding one aspect of the TCPA, but gives no information explaining identifying or stating its policies for TCPA purposes. Further, it denied Request for Admission number nine (9) which asked FMS if it had no policy, practice

---

[6]Exhibit B, Defendant FMS's Responses to Plaintiff's First Interrogatories, pp. 2-11.

[7]Exhibit B, Defendant FMS's Responses to Plaintiff's First Request for Production, pp. 11-20.

or procedure whereby it would predetermine whether a telephone number was a cellular number before calling the number.

15. Interrogatory No. 5 requested a privilege log which elicited an evasive and non-responsive answer.

16. In response to Interrogatory No. 6, FMS has failed to state the location and disposition of the recordings, in addition to failing to produce the recordings. Following receipt of the September 9, 2014 correspondence from

17. In response to Interrogatory No. 8, FMS again stated it was "still investigating this request," but, to date, has provided nothing but its original evasive and non-responsive answer.

18. Likewise, in response to Interrogatory No. 9, FMS again stated it was "still investigating this request," but, to date, has provided nothing but its original evasive and non-responsive answer.

19. Again, in response to Interrogatory No. 10, FMS stated it was "still investigating this request," but, to date, has provided nothing but its original evasive and non-responsive answer.

20. In response to Interrogatories Nos. 12 and 14, FMS gave the same evasive, non-responsive "still investigating" answer.

21. FMS' responses to Interrogatories Nos. 15 and 16 merely refer back to

its response to Interrogatory No. 4, however, just as the answer number 4 is evasive and non-responsive, these are as well.  Plaintiff is requesting Defendant's policies regarding automatic dialing systems and making calls to cellular telephones with respect to the TCPA, but FMS' response to Interrogatory No. 4 is equally evasive and non-responsive to these two interrogatories. In Interrogatory No. 4, FMS makes a general statement regarding one aspect of the TCPA, but gives no information explaining identifying or stating its policies for TCPA purposes.   Further, it denied Request for Admission number nine (9) which asked FMS if it had no policy, practice or procedure whereby it would predetermine whether a telephone number was a cellular number before calling the number.

22.    Likewise, in response to Interrogatory No. 19, when asked if FMS takes any steps to determine whether a number it calls is a cellular number it again pointed Plaintiff back to the same evasive, non-responsive answer it gave in No. 4.  For the same reasons enumerated above, this answer does not provide any information requested by the interrogatory.

23.    In response to Interrogatory No. 20, FMS merely referred Plaintiff to the account notes provided in response to Interrogatory No. 8, however, the account notes do not readily identify who made each call and no code sheet has been provided that

would so identify those collectors who called Plaintiff, and as a result, this response is incomplete and does not provide the information requested.

24.    In response to Plaintiff's Request for Production No. 1, FMS refers Plaintiff to the account notes provided in response to Interrogatory No.8, yet these account notes cannot represent "All documents relating to Plaintiff or which are indexed, filed or retrievable under Plaintiff's name, telephone number, or any number, symbol, designation or code (such as an account number or Social Security number) assigned to Plaintiff."  Further, FMS said in its email of November 10, 2014, that a protective order would be "forthcoming," yet to date, nothing has been offered by way of a protective order from FMS.  Thus, FMS' response is incomplete and evasive.

25.    In response to Request No. 2, FMS used its non-responsive and evasive "still investigating" answer, yet has provided no documents or additional information since October 1, 2014, more than seventy-five (75) days ago.

26.    In response to Request No. 3, Plaintiff requested FMS' telephone manuals and contracts regarding its telephone communications system since although Plaintiff has alleged she was called by Defendant using an autodialer, Defendant claims it has not done so and does not do so.  Thus, documents relating to the telephone communications system used by Defendant is relevant and directly admissible, in addition to being likely to lead to the discovery of admissible evidence

rendering Defendant's incomplete and evasive answer invalid. See also FMS' responses Nos. 1-4 with respect to Plaintiff's Request for Admissions.

27. In Request No. 4, Plaintiff requested all documents and things that show any alleged consent by Plaintiff to be called on her cellular telephone, and FMS merely referred her to its response to Request No. 1, which does not provide the documents and things requested.

28. In Request No. 6, Plaintiff requested operation, technical, and similar manuals for its telephone system since although Plaintiff has alleged she was called by Defendant using an autodialer, Defendant claims it has not done so and does not do so. Thus, documents relating to the telephone communications system used by Defendant is relevant and directly admissible, in addition to being likely to lead to the discovery of admissible evidence rendering Defendant's incomplete and evasive answer invalid. See also FMS' responses Nos. 1-4 with respect to Plaintiff's Request for Admissions.

29. Likewise, in Request No. 7, Plaintiff requested "All contracts and/or operation, technical, specification, and/or similar manuals regarding the telephone and communications system used to call" Plaintiff's cell number, but FMS provided an incomplete and evasive response referring Plaintiff to its objections to Request No.

6. See also FMS' responses Nos. 1-4 with respect to Plaintiff's Request for Admissions.

30. In Request No. 8, Plaintiff requested a specific limited search of key terms within FMS' email and documents system since it claims it does not have an automatic dialing system in its denial to Request for Admissions Nos.1-4. However, FMS merely objected to this Request as work product, when the Request is clearly requesting information from a historical search of FMS' email and document system regarding its knowledge and practices in respect to the TCPA.

31. In response to Request No. 9, FMS gave the same evasive, non-responsive "still investigating" answer it gave in response to most of Plaintiff's interrogatories.

32. In response to Request No. 10, FMS again gave its stock response, that it is "still investigating" but has provided no responsive documents to date.

33. FMS' responses to Requests Nos. 11 and 12 are also incomplete and evasive as they merely refer to the incomplete and evasive response given to Request No. 10.

34. Request No. 13 asks for users manuals and technical manuals for the phone systems, both hardware *and software*, utilized by Defendant to make the telephone calls at issue in this matter. These are directly relevant and admissible,

especially given FMS' responses to Request for Admissions Nos. 1-4. However, FMS again claims it is "still investigating" and fails to provide any meaningful response.

35.     Plaintiff asks for documents, like manuals, memorandums, letters, etc that discuss the legality or propriety of making calls to cellular telephones in Request No. 14. This request is with respect to the TCPA's provisions regarding certain prohibitions on calling cellular telephones of consumers. Defendant merely provides an objection and fails to provide a meaningful response to the documents and things requested.

36.     While FMS merely objects to the documents requested in Request No. 15, the documents and things requested are relevant and likely to lead to the discovery of admissible evidence. Civil liability under The Fair Debt Collection Practices Act, 15 U.S.C. §1601, et seq. ("FDCPA") takes into account "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." *See* 15 U.S.C. 1692k(b)(1).

37.     In response to Request No. 16, Plaintiff requests all documents and things evidencing or relating to communications between *Plaintiff and Defendant*. This information is undoubtedly discoverable and relevant, yet FMS provides a statement that Plaintiff should look to the documents identified by it. FMS has only

produced a set of account notes and seven (7) collection letters it sent to Plaintiff. It has stated there are recordings, *and that it would be sending them back in October*, yet has failed to provide the recordings or any other documents and things in response to this request.

38. In Request No. 18, Plaintiff requests documents which show or discuss compliance or lack of compliance with the TCPA. FMS refuses to provide these documents. However, civil liability under the Fair Debt Collection Practices Act, 15 U.S.C. §1601, et seq. ("FDCPA") takes into account "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." *See* 15 U.S.C. 1692k(b)(1).

39. In response to Request No. 19, FMS provides the same old, tired response that it is "still investigating" and fails to provide the documents and things requested.

40. In Request No. 20, FMS is asked to provide documents concerning or relating to any effort by you to determine a process, policy or practice whereby it could determine whether a telephone number is or was a cellular telephone number. This relevant and discoverable under the TCPA, yet FMS fails to respond in a meaningful way stating it is "still investigating" its response.

41. Request No. 21 asks for documents regarding FMS' compliance

with the TCPA. Instead of providing the documents requested, FMS claims the documents are not discoverable when such documents are clearly relevant and discoverable with respect to FMS' compliance with the TCPA.

42. Request No. 22 asks for all documents relating to Plaintiff in its file, particularly documents it received from co-Defendant U.S. Department of Education. The only documents provided by FMS to date are its *account notes and letters sent from FMS to Plaintiff*. FMS has provided *no documents* from Defendant Department of Education, which supposedly assigned the account to FMS to collect. Therefore, this response is unequivocally evasive and incomplete.

43. Request No. 23 asks for documents and things regarding its policies on skip-tracing. In response, FMS refers back to its "still investigating" response without providing any meaningful response.

44. Request No. 24 asks for FMS; policies regarding calling persons who have not provided consent to be called or have revoked consent to be called. FMS' response was, once again, it is "still investigating" the request.

45. Request No. 25 asks for the entire file it has on Plaintiff. FMS merely refers Plaintiff to the account notes and seven (7) collection letters it sent to Plaintiff. This clearly is not the entire file FMS has regarding Plaintiff and its response is incomplete and evasive.

46. Likewise, in response to Request No. 26 asking for all telephone log sheets, internal memoranda, notes, or other documents prepared or reflecting all collection activity from Plaintiff, FMS refers Plaintiff back to the account notes and seven collection letters provided. Again, although FMS has stated there are recordings in existence regarding its collection activities directed towards Plaintiff, it has failed to provide those as well as anything else other than the account notes and collection letters. There are no accountings provided or any other documents or things that relevant and discoverable.

47. Request No. 27 asks for a plain-English description or glossary to help Plaintiff ascertain coded items like FMS' account notes, but FMS has failed to produce these claiming only it is "still investigating" its response. Its collectors and employees would have these readily available, especially when they are in training or new to the job, but FMS refuses to provide them to Plaintiff.

48. Request No. 28 asks for FMS' policies and procedures manuals regarding the FDCPA. FMS merely responded it is "still investigating" its response. Again, this is information that should be readily available and ascertainable to a debt collector that has to train collectors and keep them compliant with the FDCPA. This is another in a long line of incomplete and evasive responses by FMS to Plaintiff's discovery requests.

49. Plaintiff has a substantial need for the information requested and outlined above propounded to Defendant FMS and Defendant FMS is due to be compelled to respond to Plaintiff's interrogatories and requests as outlined above.

50. From just a cursory review of FMS' responses to Plaintiff's discovery requests, it is clear FMS is not participating discovery in good faith. Rather it is engaging in the disavowed practice of stonewalling and engaging in dilatory tactics which are working substantial prejudice to Plaintiff.

51. Moreover, Plaintiff has an immediate need for this information as she has substantial need for the requested information before she will be able to conduct the 30(b)(6) depositions of FMS.

52. Plaintiff also requests sanctions against Defendant FMS for its willful failure to engage in discovery in good faith. FMS should be directed to pay Plaintiff's expenses and attorney fees for this motion for its failure to engage in discovery in good faith. *See* Fed. R. Civ. P., Rule 37(a)(5)(A).

WHEREFORE, PREMISES CONSIDERED, Plaintiff moves this Honorable Court to enter an Order compelling and directing Defendant FMS to provide complete and non-evasive responses to Plaintiff's Interrogatories and Request for Production as outlined above within the next ten (10) days.

Respectfully submitted this  18th  day  November , 2014.

        s/Wesley L. Phillips
        Attorney for Plaintiff
        Wesley L. Phillips

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 362001
Birmingham, Alabama 35236
Telephone: (205) 383-3585
Facsimile: (800) 536-0385
Email: wlp@phillipslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served on all parties/attorney(s) of record via either U.S. Mail, postage prepaid, electronic mail, facsimile, and/or electronic mail through the ECM/CF system this 18th day of November, 2014.

Michael Alltmont
SESSIONS, FISHMAN, NATHAN, & ISRAEL, LLC
3850 N. Causeway Blvd., Suite 200
Metairie, LA 70002

Laura S. Nettles
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, Alabama 35223

Richard E. O'Neal
Assistant United States Attorney
1801 4th Avenue North
Birmingham, AL  35203

        s/Wesley L. Phillips

OF COUNSEL